Opinion filed January 11, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed January 11, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00111-CR 

                                                    __________

 

                                RONNIE DARILYN JONES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 70th District Court

 

                                                           Ector County, Texas

 

                                                 Trial
Court Cause No. A-27,522

 



 

                                      O
N   M O T I O N   F O R  
R E H E A R I N G

 

Appellant has filed in this court a motion for
reconsideration.  In her motion,
appellant requests that we reconsider our original opinion affirming the
judgment revoking appellant=s
community supervision.  In that opinion,
we relied upon appellant having pleaded true to the allegation in the State=s motion to revoke.  Appellant asserts in her motion for
reconsideration that she did not plead true but, rather, pleaded not true to
the allegation.  Appellant also requests
that we direct the trial court to conduct an evidentiary hearing into the
accuracy of the reporter=s
record.  See Tex. R. App. P. 34.6.  We grant the motion in part and deny it in
part.  








Upon reviewing the reporter=s
record in this case, it appears that the court reporter may have inadvertently
recorded appellant=s plea
when the hearing was resumed.  The record
reflects that the hearing was originally called on February 23, 2005.  At that time, appellant pleaded A[n]ot true@
to the State=s
allegation.  The hearing, however, was
continued due to the unavailability of appellant=s
community supervision officer.  When the
hearing resumed on March 18, 2005, the allegation in the State=s motion to revoke was read again.  The reporter=s
record reflects that appellant pleaded A[t]rue@ at that time.  However, the circumstances at the hearing
indicate that appellant may in fact have pleaded Anot
true.@  

After receiving appellant=s
plea to the allegation, the court did not find the allegation to be true but,
instead, requested that the State call its first witness.  The State called appellant=s community supervision officer to
testify regarding the merits of the allegations in the State=s motion.  The record also reflects that appellant=s attorney, during cross-examination of
the community supervision officer, asked the following question: AEven though she has pled not true
to Allegation Number One, is three years still your recommendation to this
Court?@
(emphasis added).  

Therefore, for purposes of this rehearing, we will
assume that appellant pleaded not true and will reconsider appellant=s sole issue challenging the
sufficiency of the evidence in support of the revocation.  The standard of review and burden of proof
were set out in our original opinion, and we need not repeat them here.  The record shows that only one witness
testified on March 18: appellant=s
community supervision officer Laura Hall. 
Hall testified that she met with appellant on October 28, 2004.  Hall requested that appellant submit to a
drug test.  Appellant said that she was
not ready for the test and that, due to some medical issues, she had not been
able to urinate in two days.  Hall told
appellant that she did not believe her story and asked appellant if she had
been using cocaine.  Appellant shook her
head yes and explained that she had been stressed and had gone to a friend=s house to talk on October 27.  Appellant admitted to Hall that she snorted
two to three lines of cocaine at the friend=s
house.








The allegation in the State=s
motion to revoke, which the trial court found to be true, was that appellant, A[o]n or about the 27th day of October,
2004, . . . failed to abstain from the use of drugs, to-wit:  Cocaine,@
in violation of the terms and conditions of appellant=s
community supervision.  We hold that the
evidence is sufficient to prove by a preponderance of the evidence that
appellant violated the terms of her community supervision by failing to abstain
from the use of drugs.  Thus, the trial
court did not abuse its discretion in revoking appellant=s
community supervision.

Upon reconsidering appellant=s issue with the presumption that she
did not plead true to the State=s
allegation, we again overrule the issue. 


To the extent that appellant=s motion for reconsideration requests
this court to reconsider her issue in light of a plea of not true, the motion
is granted.  However, insofar as it
requests this court to order the trial court to conduct an evidentiary hearing
regarding the accuracy of the recording of appellant=s
plea in the reporter=s
record, the motion is denied.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

January 11, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b). 

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.